# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Robert W. Gettleman | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 10 C 2848 | **DATE** | 8/4/2010 |
| **CASE TITLE** | Anthony Jobbe (#R-25477) and Michaela Jobbe v. Will County Sheriff's Office, et al. | | |

**DOCKET ENTRY TEXT:**

Plaintiff Anthony Jobbe's motion to proceed *in forma pauperis* [#8] is granted, and his earlier motion [#7] is denied as moot. The Court authorizes and orders the trust fund officer at Plaintiff's place of incarceration to deduct $129.49 from Plaintiff's account for payment to the Clerk of Court as an initial filing fee, and to continue making monthly deductions in accordance with this order. Plaintiff Michaela Jobbe is dismissed from the cause of action for failure to comply with the Court's order of May 13, 2010. This action is dismissed pursuant to 28 U.S.C. § 1915A(b) for failure to state a federal claim, as there is no federal subject mater jurisdiction. This is not one of the plaintiff's three allotted dismissals under 28 U.S.C. § 1915(g).

■[**For further details see text below.**]  Docketing to mail notices.

## STATEMENT

     Plaintiffs have filed this cause of action pursuant to 28 U.S.C. § 1983, alleging that on April 9, 2002, pursuant to Tony Jobbe's arrest, the Defendants seized various personal properties including coins and guns belonging to both Plaintiffs, and that Defendants have failed to return those items in violation of their constitutional rights.

     Plaintiff Anthony Jobbe's motion for leave to proceed *in forma pauperis* is granted. Pursuant to 28 U.S.C. § 1915(b)(1), Plaintiff is assessed an initial partial filing fee of $129.49. The inmate trust fund officer at Logan Correctional Center is authorized and ordered to collect, when funds exist, the partial filing fee from Plaintiff's trust fund account and pay it directly to the Clerk of Court. After payment of the initial partial filing fee, the trust fund officer at Plaintiff's place of confinement is directed to collect monthly payments from Plaintiff's trust fund account in an amount equal to 20% of the preceding month's income credited to the account. Monthly payments collected from Plaintiff's trust fund account shall be forwarded to the Clerk of Court each time the amount in the account exceeds $10 until the full $350 filing fee is paid. All payments shall be sent to the Clerk, United States District Court, 219 S. Dearborn St., Chicago, Illinois 60604, attn: Cashier's Desk, 20th Floor, and shall clearly identify Plaintiff's name and the case number assigned to this action. The Logan Correctional Center inmate trust account office shall notify transferee authorities of any outstanding balance in the event Plaintiff is transferred from the jail to another correctional facility.

     With respect to Plaintiff Michaela Jobbe, on May 13, 2010, she was ordered to submit an application to proceed *in forma pauperis* or to submit the statutory filing fee within thirty days or risk dismissal as a Plaintiff to this cause of action. To date she has not submitted either the i.f.p. application or the filing fee. Consequently, she is dismissed as a plaintiff in this case.

**(CONTINUED)**

AWL

| STATEMENT (continued) |
|---|

     Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a suit brought *in forma pauperis* at any time if the Court determines that it is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. Here, even accepting Plaintiff's factual allegations as true, the Court finds that the complaint fails to state a federal claim as a matter of law.

     Plaintiff's loss of personal property does not state a due process claim actionable under 42 U.S.C. § 1983. A random and unauthorized deprivation of property by a state employee does not constitute a due process violation if the State provides a meaningful post-deprivation remedy. *Belcher v. Norton*, 497 F.3d 742, 750 (7th Cir. 2007); *Snyder v. Nolen*, 380 F.3d 279, 298 (7th Cir. 2004). Even assuming that, as alleged, Defendants intentionally deprived Plaintiff of his property, he has no federal, constitutional cause of action, because the Illinois Court of Claims provides Plaintiff with an adequate remedy to redress his property loss. The State of Illinois has provided that persons who have been deprived of property through the actions of the state or its employees acting in their official capacity may seek compensation for their injury through the Illinois Court of Claims. 705 ILCS 505/8(d) (2008). Alternatively, Plaintiff has the option of filing an action in state court for the tort of conversion. *See Cirrincione v. Johnson*, 703 N.E.2d 67, 70 (Ill. 1998). Because the State has provided an adequate post-deprivation remedy, the loss of Plaintiff's property does not present a due process violation. *Gable v. City of Chicago*, 296 F.3d 531, 540 (7th Cir. 2002).

     This suit is accordingly dismissed for failure to state a claim upon which relief may be granted because there is no federal subject matter jurisdiction over Plaintiff's claim. As there is no federal subject matter jurisdiction over Plaintiff's claim, the Court declines to assign him a strike under 28 U.S.C. § 1915(g).